IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE LAWRENCE NELOMS, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 5:12-CV-348 (MTT) |
| TAMMIE ROUSE, | : | |
| Defendant | : | |
| | : | **REPORT AND RECOMMENDATION** |

Plaintiff **WILLIE LAWRENCE NELOMS,** presently incarcerated at Riverbend Correctional Facility in Milledgeville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

The Prison Litigation Reform Act provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

The Eleventh Circuit has concluded that §1915(g) does not violate the doctrine of separation of powers, an inmate's right of access to the courts, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the Eleventh Circuit has upheld the constitutionality of §1915(g). *Rivera v. Allin*, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records reveals that Plaintiff has had three dismissals that would count as "strikes" under § 1915(g): *Neloms v. St. Lawrence*, 4:10-CV-76 (S.D. Ga. July 14, 2010) (case dismissed for failure to comply with court order); *Neloms v. St. Lawrence*, 4:10-CV-22 (S.D. Ga. April 3, 2010) (case dismissed for lying to the court about *in forma pauperis* status); and *Neloms*

*v. St. Lawrence*, 4:10-CV-88 (S.D. Ga. May 26, 2010) (dismissed for filing a "line-for-line" duplication of another case filed in that court).  Since these three dismissals, the United States District Court for the Southern District of Georgia has denied Plaintiff's motion to proceed *in forma pauperis* in two cases because of the three "strikes" that Plaintiff has accrued:  *Neloms v. St. Lawrence*, 4:10-CV-223 (S. D. Ga. April 22, 2011) and *Neloms v. St. Lawrence*, 4:12-CV-196 (S. D. Ga. Nov. 19, 2012).  In fact, Plaintiff even acknowledges that three of his previous civil actions were dismissed because they were frivolous, malicious, or failed to state a claim.  (Doc. 1 at 3).

Because Plaintiff has had these three prior dismissals, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g).  Plaintiff alleges that when he first arrived at Riverbend Correctional Facility, he was not given an incorrect blood pressure medication.  He explains that the medication caused him to have a headache and ringing in the ears.  Plaintiff states that he was then seen by a doctor in June 2012 and given Ibuprofen for the headaches.  Plaintiff also alleges he contracted scabies or lice and was initially given a shampoo and later provided a cream to treat the condition.  Plaintiff complains that the medical staff is not professional and that "Riverbend Corr[ectional] Facility is under the control of its inmates . . . and is not capable of housing inmates or medically caring for the inmates."  (Doc. 1 at 5).

Plaintiff's allegations do not show that he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  He has not made "specific allegations of present imminent danger that may result in serious physical harm."  *Skillern v. Jackson*, 2006 WL 1687752 at *2 (S. D. Ga. June 14, 2006).  His general allegation that the medical staff is unprofessional and incapable of caring for inmates' medical needs is too general and conclusory to show any imminent danger.  Additionally, he has apparently received medication for his high blood pressure, his headache, and his lice or scabies.

Consequently, it is **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and that his 42 U.S.C. § 1983 action be **DISMISSED WITHOUT PREJUDICE**.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Report and Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of the Report and Recommendation.

**SO RECOMMENDED**, this 13th day of December, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
